# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL PIZIAK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 5:12-5728 |
| | ) |
| **KRISTEN KELLER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Plaintiff's Application to Proceed Without Prepayment of Fees and Motion for Immediate Injunctive Relief/Complaint (Document Nos. 1 and 2.), filed on September 21, 2012; (2) Plaintiff's Motion to Prevent Incarceration (Document No. 5.), filed on November 21, 2012; (3) "Defendants Kristen L. Keller, Tom Truman, Tom MacAuley, Andrew Dimlich, William Richmond, Pat Lamp, Ed Bibb, and John Gallaher's Motion to Strike Plaintiff's Motion to Stop Incarceration" (Document No. 8.), filed on December 4, 2012; (4) "Defendants Kristen L. Keller, Tom Truman, Tom MacAuley, Andrew Dimlich, William Richmond, Pat Lamp, Ed Bibb, and John Gallaher's Motion to Dismiss the Plaintiff's Complaint" (Document No. 14.), filed on January 31, 2013; and (5) "Defendants Little General Stores, Cory Beasley and Greg Darby's Joint Motion to Dismiss the Plaintiff's Complaint" (Document No. 17.), filed on February 22, 2013.

## PROCEDURAL HISTORY

On September 21, 2012, Plaintiff, acting *pro se*, filed his Application to Proceed Without Prepayment of Fees (Document No. 1.), "Motion for Immediate Injunctive Relief" (Document No.

2, pp. 1 - 2.) and Complaint (Id., pp. 2 - 11.).[1] Plaintiff names the following as Defendants: (1) Kristen Keller, Raleigh County Prosecutor; (2) Tom Truman, Assistant Prosecutor; (3) Tom MacAuley, Assistant Prosecutor; (4) Andrew Dimlich, Assistant Prosecutor; (5) William Richmond, Assistant Prosecutor; (6) Pat Lamp, Assistant Prosecutor; (7) Ed Bibb, Assistant Prosecutor; (8) John Gallaher, Assistant Prosecutor; (9) Cory Beasley, operator of Little General Store; (10) Greg Darby, operator of Little General Store; and (11) Little General Stores. (Id., p. 1.) In his Motion, Plaintiff "requests that the Court grant immediate injunctive relief that Plaintiff not be incarcerated again by the Raleigh County Prosecutors who informed Plaintiff's Raleigh County Public Defender that since I had another charge on me that my bail/bond would be revoked . . . which would result in my immediate incarceration." (Id., pp. 1 - 2.) In his Complaint, Plaintiff alleges that he is an alcoholic and that he has flirted with many females. (Id., p. 4.) Plaintiff states that he has been "charged by a Raleigh County Sheriff's Police Officer for stalking a girl, of legal age, that works at the Little General in Glen Daniel, West Virginia." (Id., p. 4.) Plaintiff admits that he flirted with the woman, but claims he is innocent of the stalking charge. (Id.) Plaintiff alleges that the "Little General store manager, at Glen Daniel, continually physically and verbally assaulted and battered me within that store, which is recorded on their video surveillance cameras, and I did not lay a hand on him." (Id.) Plaintiff further claims that the "Little General of Glen Daniel, WV, informed Little General in Rock Creek, WV, that I not be allowed to frequent that location as I was told at the second store location that I was not allowed there either, was publicly embarrassed at the second location by being called a pervert, and I admit I got in an argument with a store employee

---

[1] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

concerning that." (Id., p. 5.) Plaintiff contends that the "Rock Creek Little General Store did (previously) have my vehicle towed and the Sheriff said I was told they said I was trespassing even when no trespassing warrants are on file against me." (Id., p. 5.) Plaintiff states that he continues to frequent the Rock Creek store, but he only goes "to the Glen Daniel store location to buy gas when [he] is desperately on empty." (Id.) Plaintiff further alleges that the Raleigh County prosecutors have threatened to revoke his bond based on a "Charge of DUI that I denied I was guilty of as I did not blow a 0.08 on the Beckley Police Breathalyzer." (Id.) Plaintiff, however, "admits that I did get two more charges against me within days of leaving Southern Regional Jail related to my alcoholic problem." (Id.) Plaintiff states that his public defender has informed him that "the Prosecutor now has moved and filed a motion or suit with a Raleigh County Court to definitely revoke my bail/bond which would result in my immediate incarceration." (Id., pp. 5 - 6.) Plaintiff complains that his public defender is recommending that he agree to a plea in an effort to avoid incarceration. (Id., p. 6.) Finally, Plaintiff states that he was charged with public intoxication and obstruction of justice on September 18, 2012. (Id.) Plaintiff admits that he was publicly intoxicated, but denies that he is guilty of obstruction of justice. (Id.) Plaintiff states that "I want to plead not guilty on all charges and request a trial by jury on all charges, . . . [h]owever, I am in very immediate jeopardy of returning to the jail." (Id.) Plaintiff states that "the crux of my lawsuit in this Court is that I do not think I should be made to feel forced to plead to or agree to guilt." (Id., pp. 6 - 7.) As relief, Plaintiff requests that this Court (1) issue injunctive relief preventing the Raleigh County prosecutors from revoking his bail/bond; (2) issue injunctive relief preventing his incarceration; (3) issue injunctive relief allowing Plaintiff to "defend himself of the most serious charges such as the DUI charge;" (4) find that "any place he was found to be publicly intoxicated involved in this lawsuit that it can not

be held against Plaintiff as Plaintiff has been medically deemed an alcoholic;" (5) "move the charges and future case" from Raleigh County to this Court; (6) issue injunctive relief allowing Plaintiff to "enter both Little General Stores in Glen Daniel, WV, and Rock Creek, WV;" (7) "enter judgment for actual, compensatory, and punitive damages;" and (8) "enter judgment for reasonable fees to this Pro Se Plaintiff." (Id., pp. 7 - 10.)

On November 21, 2012, Plaintiff filed a Motion to Prevent Incarceration. (Document No. 5.) Plaintiff states that he has "plead innocent to all charges brought against me by the prosecuting attorney." (Id., p. 1.) Plaintiff states that "I ask this honorable U.S. Court to retain my rights to have a trial by jury which I believe is guaranteed by the U.S. Constitution and that I should be afforded that privilege to have a jury determine my innocence or guilt and have that jury determine whether or not I should be incarcerated in West Virginia's Jail system." (Id., p. 2.) Plaintiff further "asks the court to determine if the prosecutor succeeds in revoking my bond if it is a violation of a right for me to have life, liberty, and the pursuit of happiness, I feel my current attempts to straighten my life back out and get back on track would be hindered if I was placed back in incarceration." (Id., p. 4.) Plaintiff, therefore, "requests emergency relief to not be incarcerated by the State and prosecuting attorney." (Id., p. 5.)

On December 4, 2012, Defendants Keller, Truman, MacAuley, Dimlich, Richmond, Lamp, Bibb, and Gallaher filed a "Motion to Strike Plaintiff's Motion to Stop Incarceration." (Document No. 8.) The above Defendants state that "Plaintiff is asking this Court to 'find something in the U.S. Constitution that may state that all trials shall be by jury . . ..'" (Id., p. 2.) Defendants argue that a "jury trial is not needed as the Defendants are not trying to convict the Plaintiff on his underlying charges. The Defendants are attempting to revoke the bond that was issued to the Plaintiff in this

4

matter." (Id.) Defendants state that Plaintiff is entitled to a hearing on his bond revocation pursuant to Rule 46(h) of the West Virginia Rules of Criminal Procedure. (Id.) Citing the *Rooker-Feldman* doctrine, Defendants argue that "this federal court may not have jurisdiction to hear this motion." (Id., pp. 2 - 3.) Finally, Defendants state that "this motion may be premature and moot as the Magistrate Judge may rule not to revoke the Plaintiff's bond at the hearing." (Id., p. 3.)

On January 8, 2013, Plaintiff filed his Response in Opposition to Defendants' Motion to Strike. (Document No. 11.) Plaintiff again argues that Defendants are "attempting to incarcerate me before I have been found guilty by a trial by jury of any crime." (Id., p. 1.) Next, Plaintiff states that "the bond/bail revocation at issue here is already moot, as I was found not guilty of stalking a female at the Little General Store, which is the bond or bail that the prosecutor is attempting to revoke and re-incarcerate me." (Id., p. 2.) Plaintiff continues to argue that revoking his bond would be unconstitutional because he has a right to a jury trial. (Id.) Finally, Plaintiff argues that "it would be cruel and unusual punishment to place me in jail due to my psychiatric and psychological problems." (Id.)

On January 17, 2013, Defendants Keller, Truman, MacAuley, Dimlich, Richmond, Lamp, Bibb, and Gallaher filed their Reply. (Document No. 13.) Defendants disagree with Plaintiff's statement that "the bail revocation at issue is already moot as he has been found not guilty of stalking a female at a Little General Store." (Id., p. 1.) Defendants state that "one can analyze from the State of West Virginia's Motion to Revoke Bond, the Plaintiff's bond is still being revoked because he has committed numerous other violations while out on bond which included a battery charge and a DUI." (Id.) Defendants further argue that "there is no general Federal constitutional right to bail." (Id., p. 2.) Defendants explain that "[t]he purpose of the bail in the Plaintiff's case was

5

not to punish the Plaintiff but to ensure appearance by the Plaintiff before any court and for the safety of the community." (Id.) Defendants note that "Plaintiff continued to break the laws of West Virginia and endanger the community by committing battery and driving under the influence." (Id.) Finally, Defendants state that "Plaintiff has provided no medical evidence which would indicate that he is unfit for incarceration" and "all of the Regional Jails in the State of West Virginia have psychiatrists and psychologist on staff." (Id., pp. 2 - 3.) As an Exhibit, Defendants attach a copy of the Motion to Revoke Bond. (Document No. 13-1.)

On January 31, 2013, Defendants Keller, Truman, MacAuley, Dimlich, Richmond, Lamp, Bibb, and Gallaher filed a Motion to Dismiss and Memorandum in Support. (Document Nos. 14 and 15.) Defendants argue that Plaintiff's Complaint should be dismissed based on the following: (1) "Plaintiff failed to properly serve the Complaint in accordance with the Federal Rule of Civil Procedure" (Document No. 15, pp. 2 - 5.); (2) "Plaintiff's motion for injunctive relief must be dismissed because the Complaint does not meet the requirements for seeking an injunction" (Id., pp. 5 - 6.); (3) "Under the *Rooker-Feldman* doctrine a federal district court has no authority to undermine a state court's ruling or decision regarding the Plaintiff's criminal case" (Id., pp. 6 - 7.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on February 4, 2013, advising them of the right to file a response to the Defendants' Motion to Dismiss. (Document No. 16.)

On February 22, 2013, Defendants Little General Stores, Cory Beasley and Greg Darby filed their Joint Motion to Dismiss Plaintiff's Complaint and Memorandum in Support. (Document Nos. 17 and 18.) Defendants argue that Plaintiff failed to properly serve the Complaint in accordance with the Federal Rule of Civil Procedure. (Document No. 18, pp. 3 - 5.) Notice pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on February 24, 2013, advising them of the right to file a response to the Defendants' Motion to Dismiss. (Document No. 19.)

On February 28, 2013, Plaintiff filed his Response in Opposition to Defendants Keller, Truman, MacAuley, Dimlich, Richmond, Lamp, Bibb, and Gallaher's Motion to Dismiss. (Document No. 21.) First, Plaintiff states that he has attended 36 days of residential treatment for his addiction to alcohol and psychological problems. (Id., p. 1.) He further asserts that he attends FMRH, where he sees a psychiatrist. (Id.) Plaintiff contends that his "residential treatment and post treatment has been successful as Plaintiff has not faced any charges or been jailed since November 23, 2012." (Id.) Plaintiff complains that his prior "incarcerations in the Southern Regional Jail did not involve any psychiatric or psychological treatment for Plaintiff's alcohol addictions or other psychiatric conditions." (Id., p. 2.) Plaintiff asserts that he "is of the belief that his conditions worsened while being incarcerated." (Id.) Next, Plaintiff alleges that he "has not jumped bail or skipped any hearings involving criminal charges." (Id.) Plaintiff contends that he "has not been charged with any criminal offenses or broke bail since Plaintiff attended and completed 36 days in a successful residential treatment program." (Id.) Plaintiff further argues that "his bond shouldn't be revoked because he was charged with crimes as Plaintiff has been dismissed in some instances and intends to plead not guilty to other charges." (Id.) Plaintiff argues that a revocation of his bond would violate his "right to have life, liberty and the pursuit of happiness." (Id.) Plaintiff, therefore, argues that Defendants' Motion to Dismiss should be denied. (Id., p. 3.)

On March 5, 2013, Defendants Keller, Truman, MacAuley, Dimlich, Richmond, Lamp, Bibb, and Gallaher filed their Reply. (Document No. 22.) Defendants explain that "[e]ven though the Plaintiff has failed to provide adequate proof that the Complaint was properly served on the

Defendants, the Plaintiff still failed to adequately plead a claim for injunctive relief." (Id., p. 1.) Defendants argue that "Plaintiff has failed to establish that he will succeed on the merits or that he will suffer irreparable harm." (Id., pp. 1 - 2.)

## **THE STANDARD**

### **Section 1915A**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

### **Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff

8

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

**1.     Service of Process:**

All Defendants argue that Plaintiff's Complaint should be dismissed because he failed to properly serve the Complaint in accordance with the Federal Rules of Civil Procedure. (Document Nos. 14 and 17.) Plaintiff does not appear to dispute that he failed to properly serve the Complaint upon Defendants. The undersigned finds that Plaintiff filed an Application to Proceed Without

9

Prepayment of Fees in conjunction with his Complaint and "Motion for Immediate Injunctive Relief." (Document Nos. 1 and 2.) Defendants filed their Motions to Dismiss prior to this Court ruling upon Plaintiff's Application to Proceed Without Prepayment of Fees. (Document Nos. 14 and 17.) This Court does not issue Summonses until the undersigned has screened a *pro se* Plaintiff's Complaint for merit and granted his Application to Proceed Without Prepayment of Fees. Based on the foregoing, the undersigned finds it improper to dismiss Plaintiff's Complaint for improper service of process as Summonses have not yet been issued by the Court.

**2.     Defendants Little General Store, Beasley, and Darby:**

   **A.     *Section 1983:***

Plaintiff indicates that he filed his Complaint pursuant to 42 U.S.C. § 1983. (Document No. 2, p. 3.) Plaintiff contends that Defendants Little General Store, Cory Beasley, and Greg Darby violated his constitutional rights. Specifically, Plaintiff argues that Defendants violated his rights under the Sixth Amendment, "which protects all U.S. Citizen against criminal prosecution" and his Due Process rights under the Fourteenth Amendment. Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The Court finds that Defendants Little General Store, Beasley, and Darby are not "state actors." Accordingly, Plaintiff cannot pursue a Section 1983 claim against Defendants Little General Store, Beasley, and Darby.

   **B.     *Section 1331:***

Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To the extent

Plaintiff is attempting to proceed under Section 1331, the Court finds that he has failed to adequately state a claim against Defendants Little General Store, Beasley, and Darby. Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Drummond v. South Carolina Department of Corrections, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(citing Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990)). Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d)(1) provides that the allegations contained in the pleading "must be simple, concise and direct." Plaintiff fails to allege how Defendants Little General Store, Beasley, or Darby violated his constitutional rights or federal law. Plaintiff merely states that he has been "charged by the Raleigh County Sheriff's Police Office of stalking a girl, of legal age, that works at the Little General in Glen Daniel, West Virginia." (Document No. 2, p. 4.) Plaintiff states that "the Little General store manager at Glen Daniel continually physical and verbally assaulted and battered me within the store." (Id.) Plaintiff further states that it is his "belief that the Little General of Glen Daniel, WV informed Little General in Rock Creek, WV, that I not be allowed to frequent that location as I was told at that second store location that I was not allowed there either, was publicly embarrassed at the second location by being called a pervert." (Id., p. 5.) Finally, Plaintiff alleges that the "Rock Creek Little General Store [had] my vehicle towed." (Id.) The foregoing allegations fail to state how Defendants violated Plaintiff's constitutional rights or federal law. Based on the foregoing, the undersigned finds that Defendants Little General Store, Beasley, and Darby should be dismissed as Plaintiff has failed to state a claim against them.

## 3.     **Defendants Keller, Truman, MacAuley, Dimlich, Richmond, Lamp, Bibb, and Gallaher:**

   A.     *Right to Bail*:

Plaintiff alleges that Defendants Keller, Truman, MacAuley, Dimlich, Richmond, Lamp, Bibb, and Gallaher violated his constitutional rights by seeking to revoke his bond.[2] Plaintiff appears to argue that he has a constitutional right to remain on bond pending a criminal conviction. Plaintiff explains that he has a right to a jury trial and should not be incarcerated prior to a criminal conviction. The United States Constitution, however, does not establish an absolute right to bail. United States v. Salerno, 481 U.S. 739, 752, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)("The Eighth Amendment addresses pretrial release by providing merely that '[e]xcessive bail shall not be required.' This Clause, of course, says nothing about whether bail shall be available at all."); Carlson v. Landon, 342 U.S. 524, 545-46, 72 S.Ct. 525, 96 L.Ed. 547 (1952)("Indeed, the very language of the [Eighth] Amendment fails to say all arrests may be bailable"); United States v. Perry, 788 F.2d 100, 111 (3rd Cir. 1986), *cert. denied*, 479 U.S. 864, 107 S.Ct. 218, 93 L.Ed.2d 146 (1986)(no absolute right to bail); United States v. Edwards, 430 A.2d 1321 (D.C. 1981), *cert. denied*, 455 U.S.

---

   [2] The "Motion to Revoke Bond" states as follows, in pertinent part (Document No. 13-1):

   That on the 10th day of September, 2012, the defendant was arrested in Raleigh County and charged with DUI; No Proof of Insurance and Seat Belt Violation, and posted a $5,000.00 bond in the above styled matter.
   That on the 5th day of October, 2012, the defendant was arrested in Raleigh County and charged with Fleeing a Police Officer on Foot (12-M-5362) and posted a $2,500.00 bond;
   That on the 21st day of October, 2012, the defendant was charged in Raleigh County with Battery (12-M-5655) and posted a $1,000.00 bond;
   That on the 7th day of November, 2012, the defendant was arrested in Raleigh County and charged with DUI (12-M-5932), Driving Suspend/Revoked (12-M-5933) and Obstructing (12-M-5934) with bond set in the amount of $5,000.00.

1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (182)(The excessive bail clause of the Eighth Amendment does not grant a right to bail in criminal cases). Accordingly, Plaintiff has failed to alleged a violation of a constitution right.

Even assuming Plaintiff did allege a violation, the Court finds that Defendants are entitled to prosecutorial immunity. Prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associate with the judicial phase of the criminal process. Van de Kamp v. Goldstein, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009). In determining whether a prosecutor is entitled to absolute immunity, the Court must apply the "functional approach" examining the nature of the function performed. Id., 555 U.S. at 342, 129 S.Ct. at 861. It is well established that prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991)(quoting Imbler, 424 U.S. at 430 - 431, 96 S.Ct. at 995). Further, absolute immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993)(quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996)). A prosecutor acts as an advocate or "officer of the court" when performing tasks, such as (1) initiating a judicial proceeding, (2) presenting evidence in support of a search warrant application, (3) conducting a criminal trial, bond hearing, grand jury proceeding or pre-trial hearing, (4) engaging in "an out-of-court effort to control the presentation of [a] witness' testimony," and (5) making a "professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before the grand jury after a decision to seek an indictment has been made." Buckley, 509

U.S. at 272, 113 S.Ct. at 2615(quoting Imbler, 424 U.S. at 431, 96 S.Ct. at 995 - 996); Van de Kamp, 555 U.S. at 434, 129 S.Ct. at 861; Dababnah v. Keller-Burnside, 208 F.3d 467, 471 - 472 (4th Cir. 2000)(stating that "numerous courts have found prosecutors absolutely immune when undertaking [extradition proceedings].") Based on the foregoing, the undersigned finds that Defendants were acting as "an officer of the court" in seeking the revocation of Plaintiff's bond. Accordingly, Defendants are entitled to prosecutorial immunity.

    **B.** *Eighth Amendment:*

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." As a general matter, prohibited punishments include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of

"the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") The touchstone is the health of the inmate. Plaintiff in this case must therefore allege in the first place and eventually establish a "sufficiently serious" deprivation of medical care and

resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim.

To establish the subjective component of deliberate indifference, an inmate must allege and prove each defendant's consciousness of the risk of harm to the inmate. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, an inmate must establish that the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. An inmate may satisfy the subjective component of standard by showing that prison officials' delay in providing medical treatment caused unnecessary pain or the worsening of his condition. Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990)("Failure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs."); Cameron v. Sarraf, 128 F.Supp.2d 906, 911 - 912 (E.D.Va. 2000)("Yet, it is equally clear that mere negligence or delay is not sufficient to establish deliberate indifference.").

Plaintiff fails to allege facts sufficient to satisfy the subjective component of deliberate indifference. To satisfy the subjective component, Plaintiff must allege each Defendant's consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Plaintiff, however, fails to allege that Defendants knew of and disregarded an excessive risk to his health or safety. Plaintiff merely alleges that he may be denied appropriate psychiatric or psychological treatment if he is incarcerated. There is no indication in Plaintiff's Complaint that Defendants are aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, or that Defendants drew that inference. Plaintiff's speculative and conclusory

allegation that Defendants will fail to provide appropriate psychiatric and psychological treatment is insufficient to state a claim under the Eighth Amendment. Furthermore, the Court notes that prison medical officials are responsible for providing adequate psychiatric and psychological treatment to inmates. Thus, Defendants do not have authority concerning the medical treatment provided to an inmate during their incarceration. Accordingly, the undersigned finds that Plaintiff's allegations cannot be construed to implicate a constitutional right for the violation of which relief can be granted. Plaintiff's above claims must therefore be dismissed. The undersigned finds it unnecessary to consider the other reasons which the Defendants have submitted for dismissal.

**4.     Motion for Immediate Injunctive Relief/Motion to Prevent Incarceration:**

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).

Based on the foregoing, the undersigned has recommended that Plaintiff's Complaint be dismissed as to all Defendants. Accordingly, the undersigned finds that Plaintiff's request for injunctive relief should be denied as he cannot establish that he is likely to succeed on the merits.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.), **DENY** Plaintiff's "Motion for Immediate Injunctive Relief" (Document No. 2, pp. 1 - 2.), **DENY** Plaintiff's Motion to Prevent Incarceration (Document No. 5.), **GRANT** "Defendants Kristen L. Keller, Tom Truman, Tom MacAuley, Andrew Dimlich, William Richmond, Pat Lamp, Ed Bibb, and John Gallaher's Motion to Dismiss the Plaintiff's Complaint" (Document No. 14.), **DISMISS** Plaintiff's Complaint (Document No. 2, pp. 2 - 11.), **DENY as moot** "Defendants Little General Stores, Cory Beasley and Greg Darby's Joint Motion to Dismiss the Plaintiff's Complaint" (Document No. 17.), **DENY as moot** "Defendants Kristen L. Keller, Tom Truman, Tom MacAuley, Andrew Dimlich, William Richmond, Pat Lamp, Ed Bibb, and John Gallaher's Motion to Strike Plaintiff's Motion to Stop Incarceration" (Document No. 8.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: April 24, 2013.

R. Clarke VanDervort
United States Magistrate Judge